**WEIQI JIN; Jing Li, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–73961.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

Wei Vicky Wang, Law Offices of Wei Vicky Wang, Alhambra, CA, for Petitioners.

Cac–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Richard M. Evans, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Weiqi Jin and his wife, natives and citizens of China, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their motion for reconsideration. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), and we grant in part and dismiss in part the petition for review.

■ The agency abused its discretion when it denied Jin's motion to reconsider, because the IJ failed to balance favorable factors against negative factors when denying asylum in the exercise of discretion. *See Gulla v. Gonzales*, 498 F.3d 911, 915–16 (9th Cir.2007) (agency abuses its discretion when in denying relief it fails to properly consider all relevant factors and explain how each figures in the balance); *see also* 8 C.F.R. § 1003.2(b)(1) (motion to reconsider identifies errors of law or fact in the agency's prior decision).

■ To the extent Jin challenges the BIA's November 29, 2006 order denying his second motion to reconsider, the court lacks jurisdiction because Jin did not file a petition for review of that decision. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

The parties shall each bear their own costs on appeal.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

